MEMORANDUM **
Eugene Forte appeals pro se from the district court’s judgment dismissing for failure to state a claim his 42 U.S.C. § 1983 action, and dismissing without prejudice his various state law claims. Forte also appeals the district court’s denial of leave to amend. We review de novo a dismissal for failure to state a claim. *113 Decker v. Advantage Fund Ltd., 362 F.3d 593, 595-96 (9th Cir.2004). We affirm.
The district court correctly determined that absolute quasi-judicial immunity bars Forte’s claims against the Office of the Attorney General, Attorney General Bill Lockyer, Supervising Deputy Attorney General Paul Hammerness, Senior Assistant Attorney General James Schiavenza, and Supervising Deputy Attorney General Tyler Pon for actions taken within their authoi’ity. See Fry v. Melaragno, 939 F.2d 832, 836 (9th Cir.1991). Quasi-judicial immunity also bars Forte’s claims against Monterey District Attorneys Dean Flippo and Terry Spitz. Id. Forte’s claims against FBI Agent James Burrus, Monterey County Sheriff Michael Kanalakis, Monterey County Counsel Charles McKee, and Monterey County Chief Investigator Sue Stryker were insufficient because, accepting his allegations as true, Forte does not allege facts showing that he was deprived of any constitutional right. See Baker v. McCollan, 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); see also Owyhee Grazing Ass’n. Inc. v. Field, 637 F.2d 694, 697 (9th Cir.1981).
As to the claims against numerous California state judges, the district court properly dismissed Forte’s claims relating to actions undertaken in their judicial capacities on the ground that state court judges are entitled to absolute immunity for official actions. See Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir.2000); see also 42 U.S.C. § 1983.
While it appears that some of Forte’s claims against certain government defendants may fall outside the scope of their immunity, liberally construing Forte’s claims, Forte suggests no basis upon which he would be able to amend his complaint in order to cure the defects, and we see none. See Lucas v. Dep’t of Corr., 66 F.3d 245, 248 (9th Cir.1995).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.